FILED

**NOT FOR PUBLICATION**

APR 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JERRY L. ICENHOWER, DBA Seaview Properties; et al., | No. 12-56953 |
| Debtors, | D.C. No. 3:09-cv-00589-BTM-BLM |
| GERALDINE A. VALDEZ; et al., | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| KISMET ACQUISITION, LLC, | |
| Appellee. | |

| | |
|---|---|
| In re: JERRY L. ICENHOWER, DBA Seaview Properties; et al., | No. 12-56954 |
| Debtors, | D.C. No. 3:09-cv-00590-BTM-BLM |
| GERALDINE A. VALDEZ; et al., | |
| Appellants, | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

KISMET ACQUISITION, LLC,

Appellee.

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted February 11, 2014
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

Attorneys Geraldine A. Valdez and Enrique Hernandez-Pulido appeal from the bankruptcy court's imposition of sanctions. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

Although the district court remanded to the bankruptcy court to reconsider the amount of sanctions against Valdez, we have jurisdiction to consider the legal question of whether the attorneys' conduct was sanctionable. *See In re Lehtinen*, 564 F.3d 1052, 1057 (9th Cir. 2009); *In re Dyer*, 322 F.3d 1178, 1187 (9th Cir. 2003). And, although Kismet has relinquished any claim to the sanctions awarded against the attorneys, this does not moot the appeal. The sanction awarded against Hernandez — twenty hours of Continuing Legal Education in ethics — cannot be relinquished by Kismet. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1108-09 (9th Cir. 2005); *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109,

2

1112 (9th Cir. 1990). The sanction awarded against Valdez — joint and several liability for roughly $700,000 in compensatory sanctions awarded against her client — was vacated by the district court. On remand, the bankruptcy court might award monetary sanctions payable to the court or a nonmonetary sanction, neither of which could be relinquished by Kismet. *See Lasar*, 399 F.3d at 1108-09; *Riverhead Sav. Bank*, 893 F.2d at 1112. Thus, Valdez has a legally cognizable interest in the outcome of this case.

This Court "directly review[s] the bankruptcy court's decision." *In re Caneva*, 550 F.3d 755, 760 (9th Cir. 2008). A bankruptcy court's imposition of sanctions pursuant to its inherent authority is reviewed for abuse of discretion. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002); *cf. Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

Here, the bankruptcy court did not abuse its discretion. First, Valdez's objections to the documents proposed by Kismet to transfer the Villa interest were, even if technically correct, substantially motivated by bad faith. *See Dyer*, 322 F.3d at 1196; *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Valdez knew that her client would not sign even correct transfer documents, and her purpose in objecting was to delay implementation of the bankruptcy court's judgment. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997).

3

Second, Valdez encouraged her client to obtain an *amparo* injunction in Mexico to delay and frustrate the required transfer of the Villa interest to Kismet, and Hernandez advised that the *amparo* should be recorded and concealed from Kismet. *See Dyer*, 322 F.3d at 1196; *Primus*, 115 F.3d at 649. Even if his duty to protect client confidences prevented Hernandez from notifying Kismet of the *amparo*, he was not permitted to advise his client to keep the *amparo* secret, thus facilitating the *amparo*'s being recorded and used to impede implementation of the judgment.

Finally, in light of the district court's vacatur of the compensatory sanctions awarded against Valdez, her argument that those sanctions are not supported by a proper finding of causation is inapposite.

**AFFIRMED.**

4

*Valdez v. Kismet Acquisition, LLC*, No. 12-56953+

WATFORD, Circuit Judge, concurring in the judgment:

I don't think the bankruptcy court abused its discretion by deciding to sanction the two lawyers. But I do have concerns about the severity of the sanction imposed against Ms. Valdez.

The picture that emerges from my review of the record is that of a lawyer doing her best to protect an obstinate client from the all-but-certain wrath of the bankruptcy court. Valdez advised Diaz-Barba to comply with the bankruptcy court's judgment, and she told him in no uncertain terms that he risked being held in contempt if he refused to do so. Diaz-Barba rejected that advice. When it became clear that Diaz-Barba felt so strongly about the supposed illegality of the judgment under Mexican law that he was willing to be held in contempt, Valdez helped him pursue the *amparo* action. She had been advised by Diaz-Barba's lawyers in Mexico that the *amparo* action would allow the Mexican courts to determine whether the bankruptcy court's judgment in fact violated Mexican law. Valdez recognized that a ruling by a Mexican court validating Diaz-Barba's reasons for refusing to comply with the judgment represented his best (and probably his only) hope of fending off contempt sanctions.

Valdez can perhaps be faulted for some of the tactics she used in pursuing the *amparo* strategy; certainly the bankruptcy court didn't abuse its discretion in so

concluding. But I don't think Valdez committed misconduct simply by deciding to pursue the strategy in the first place, which is the view that seemed to drive the severity of the sanction the bankruptcy court decided to impose. In my view, any sanction imposed against Valdez should be far less severe than the $700,000 sanction that has now been vacated.